Jones, J.
I conceive, it is agreed on both sides, that if the master pawns the vessel beyond sea, in this manner, the owner is bound, provided that it be for things that come to the life of the vessel; but if the things do not come to the use of the vessel, the owner is not bound. This was adjudged in 39 El. Watson vs. Jackson. Watson appointed a factor in Bayonne, and there the vessel was pawned for bottomry-money, which was spent in repairs. The case was argued fully by civilians, and it was resolved that the owner was bound, and no prohibition was awarded. But if the factor had done that which he ought not to have done, the owner would not have been bound. But if the party does not plead this, but goes on and examine witnesses, as here, the default being in him, he shall not come here and make a suggestion of that which he might have pleaded, in order to obtain a prohibition. For the libel is a good ground.

Doderidge, J.

*If the master, purser, or factor, or he *255 who on board of the vessel pretends to be the owner, borrows money for such a purpose, on bottomry, the owner is bound; although the money be not so employed. He has remedy against his factor, in whom he trusted. You cannot now alledge that the property was in you before.
C. J. concurred.
Jones, J. If the suit be in the Admiralty-Court, after sentence, you cannot have a prohibition, on a suggestion that the matter did not happen super altum mare.
Hitcham. Where the court has jurisdiction, prohibition lies after sentence.
Jones, J. denied this. The prohibition was refused.
Talbot, Dr. They might have helped themselves by alledging that the property was in them, before the bottomry, and this they may yet do upon an appeal.
Curia to Hitcham. Take your remedy against your factor, or him who pawned the vessel, in an action of trover.
Hitcham. We cannot; for he who pawned the vessel did not deliver her.
Jones, J. Then, bring trover against Justus Lyrus. Noy 95.